```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| MARIO MIMS, | : |
| | : |
|     Petitioner, | : |
| | : |
| vs. | :   CIVIL ACTION 07-00790-CG-B |
| | : |
| WARDEN JERRY FERRELL, *et al.*, | : |
| | : |
|     Respondents. | : |

**REPORT & RECOMMENDATION**

Mario Mims, a state inmate in the custody of Respondents, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 6). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that this action be dismissed without prejudice to allow Mims the opportunity to exhaust his state remedies.

**FINDINGS OF FACT**

Mims was convicted of manslaughter on February 2, 2006 by a jury in the Baldwin County Circuit Court. He received a sentence of 20 years imprisonment. (Docs. 1, 10). Mims filed an appeal in the

Alabama Court of Criminal Appeals, which affirmed his conviction and sentence on January 12, 2007, and issued a certificate of judgment on January 31, 2007. (Doc. 10, Exs. 8, 9). Mims' application for rehearing in the Alabama Court of Criminal Appeals was stricken, on February 5, 2007, as untimely filed. (Doc. 10, Ex. 10).  While Mims alleges that he sought certiorari review in the Alabama Supreme Court, the record does not support his assertion. See (Docs. 1; 10; 10, Ex. 11).

On April 4, 2007, Mims filed a Rule 32 petition in the trial court challenging his conviction and sentence. (Doc. 10, Ex. 13); see also (Id., Exs. 11, 14). Based upon the record before the Court, it appears that Mims' Rule 32 petition remains pending before the Baldwin County Circuit Court. (Id., Ex. 12).

Mims filed the instant petition for habeas corpus relief on October 31, 2007.  In his petition, Mims alleges that: 1) his constitutional rights were violated because the prosecution failed to disclose to Mims favorable evidence; 2) the trial court erred by allowing in evidence that was not provided during discovery; and 3) the trial court improperly imposed the maximum sentence. (Doc. 1, pp. 7-8).

Respondents' Answer to Mim's habeas petition contains the defense that Mims has failed to exhaust his claims for habeas corpus relief as required by 28 U.S.C. § 2254(b)(1). Specifically, Respondents submit that because Mims's Rule 32 petition is currently pending in the Baldwin County Circuit Court, Mims has not

exhausted the state-law remedies available to him, a prerequisite to the filing of a federal habeas petition. (Doc. 10). Pursuant to the Court's Order dated November 10, 2008 (Doc. 13), Respondents filed a Supplemental Answer (Doc. 14). In the Supplemental Answer, Respondents confirmed that Mims' Rule 32 petition remains pending in the Baldwin County Circuit Court.

## CONCLUSIONS OF LAW

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." A habeas claim is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). More precisely, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[1] Id. at 845; see also Kelley, 377 F.3d at 1344

---

[1] In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an

("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'"); cf. Preiser v. Rodriquez, 411 U.S. 475, 477 (1973) ("If ... habeas corpus is the exclusive federal remedy ..., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed exhausted when "it is fair to assume that further state proceedings would be useless." Castille v. Peoples, 489 U.S. 346, 351 (1989). This standard is met when the precise issues raised in a habeas corpus petition have been "fairly presented" to the state's highest court. Id. (citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971)).  The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" Id. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. See Anderson v. Harless, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). In fact, if state supreme court review is part of a state's ordinary appellate review process, each claim raised

---

application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.

4

in Petitioner's request for habeas relief must be exhausted to the state's highest court, Kelley, 377 F.3d 1317 at 1345, and the burden rests with the petitioner to show that all claims have been fairly presented to that court. See Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); Reedman v. Thomas, 305 Fed. Appx. 544, 545 (11th Cir. 2008) ("[T]he petitioner must present fairly every issued raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.").

In addition, the exhaustion requirement is excused if "there is either an absence of available State corrective process[] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. See Allen v. State of Alabama, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. See, e.g., Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."),

*cert. denied*, 503 U.S. 938, 112 S. Ct. 1478, 117 L. Ed.2d 621 (1992); Cook v. Fla. Parole & Probation Comm'n, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. See, e.g., Clarke v. Grimes, 374 F.2d 550, 551 (5th Cir. 1967) ("[T]he federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Mims has not demonstrated that he has exhausted his state remedies or that it would be futile to require him to exhaust those remedies. Because Mims' Rule 32 petition remains pending in the Baldwin County Circuit Court, state law remedies remain available to him within which to challenge his conviction and sentence.[2] Accordingly, the undersigned recommends that Mims' habeas petition be dismissed without prejudice, so that he may

---

[2] Rule 32 is a procedural mechanism for seeking post-conviction relief and is promulgated under the rule making authority of the Alabama Supreme Court. Arthur v. State, 820 So.2d 886, 890 (Ala. Crim. App. 2001). The State of Alabama is not obligated to provide this means of post-conviction relief, see United States v. MacCollom, 426 U.S. 317, 323, 96 S.Ct. 2086 (1976); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), but to the extent that it does so provide, Rule 32 is a state law remedy which must be pursued before the federal courts will entertain the claims contained in a federal habeas petition.

fully exhaust his remedies in the Alabama state courts.

## CONCLUSION

The undersigned recommends that this action be dismissed without prejudice because Mims has failed to exhaust his available state remedies.

The attached sheet contains important information regarding this report and recommendation.

**DONE** this **10th** day of **August, 2009.**

                                           **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

8